**James ISAAC, Appellant,**

**v.**

**Harold SHUMATE, Appellee.**

**No. 5269.**

Court of Civil Appeals of Texas.

El Paso.

March 26, 1958.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

FRASER, Justice.

This is a laning accident case, which was tried to a jury. The jury awarded plaintiff some $600 in damages, and then found that plaintiff had failed to keep a proper lookout and that such was a proximate cause of the collision. On the basis of these findings, the trial court gave a judgment for the defendant, overruling plaintiff's motion for judgment disregarding the answers to the issues on contributory negligence due to failure to keep a proper lookout. From this action of the court plaintiff has appealed.

Plaintiff was travelling west on Paisano Drive on the inside of the three-lane north portion, on a Sunday afternoon at which time it was testified there was very little traffic. Defendant overtook plaintiff and pulled up beside him on plaintiff's right side. Defendant then pulled his car over to the left so that the left rear fender or portion of the car struck the right front end of plaintiff's car. Defendant testified that his little boy, standing up in the back of the car, had cried out to him, "Daddy, look out for that car;" whereupon defendant, to quote his own testimony on direct examination, stated, "So I thought he was talking about this car on the right hand side and thought I had time to pass Mr. Isaac. Of course the kid was standing up and I couldn't see Mr. Isaac's car, so I pulled over just enough to clip him." Later he says

in answer to the question, "And you did clip him?, "Yes, sir."

We have read the record carefully, and, even though every reasonable intendment is resolved in favor of the judgment, we do not believe there was sufficient evidence here to justify the jury's answer charging plaintiff with proximately causing the accident. In the light of what both parties have said in the record, it seems apparent that the answer of the jury, finding that plaintiff's failure to keep a proper lookout proximately caused the accident, is not only unsupported by sufficient evidence, but certainly against the great weight and preponderance of the evidence, and should have been disregarded. There are a good many cases that touch this particular fact situation, but it must be remembered that here the plaintiff did not go blindly or carelessly into any intersection, and it is difficult to conceive, from the record, what he could have done to avoid this accident when the defendant, in answer to his child's cry, swerved over and, in his own words, "clipped him." This is not the case of a plaintiff moving into a dangerous situation without proper regard for his own safety. Here, the contrary is true—he did not run into the danger; the danger overtook and ran into him. According to defendant's own testimony, he simply swerved over and "clipped" the other car while plaintiff was driving along in his own lane. A reasonable and sensible interpretation of "keeping a proper lookout" does not, and should not, involve anything other than what is prudent and reasonable under the circumstances. Plaintiff, of course, had to keep his eye on the road ahead, and we do not see how he could foresee that a car on his right side was going to swerve suddenly and hit his car. This is not the case of a crossing intersection, or a middle of the road head-on collision. It is, rather, the case of a driver driving in the lane next to the island, which was to his left, leaving him apparently no room to maneuver, and being subjected to an accident which gratuitously and voluntarily overtook him.

We hold, therefore, that the jury's finding of contributory negligence, as defined above, is without sufficient support in the evidence, and is against the great weight and preponderance of the evidence. For that reason, the trial court erred in not granting plaintiff's motion to disregard this finding, which charges plaintiff with proximately causing the accident by failing to keep a proper lookout. Judgment should have been granted to the plaintiff.

The judgment of the trial court is, accordingly, reversed, and rendered in favor of the plaintiff, in the amount found as his damage by the jury.